### SISSON v. BARNUM et al.

(Supreme Court, Appellate Division, Third Department. May 7, 1913.)

1. TENDER (§ 11*)—CONSULTATION—REASONABLE TIME.

Where a tender is made to the cashier of a firm, who stated that he had no authority in the matter, but would speak to a member of the firm, the tenderer must wait a reasonable time to allow their acceptance or rejection of the tender, and if he leaves six or seven minutes after the tender it is insufficient.

[Ed. Note.—For other cases, see Tender, Cent. Dig. § 20; Dec. Dig. § 11.*]

2. CORPORATIONS (§ 123*)—PLEDGE OF STOCK—SALE—PURCHASER.

Where a firm of bankers, as pledgee of stock, sells the stock at auction, and a cashier of the firm becomes the purchaser, and he transfers it to an employé of counsel of the firm, who in turn transfers it to the counsel, and the counsel then transfers to the firm, it is in effect a purchase by the firm.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 481, 491, 507–512, 537, 539–546, 569, 618; Dec. Dig. § 123.*]

3. CORPORATIONS (§ 123*)—PLEDGE OF STOCK—PROPERTY COVERED—CERTIFIED CHECK.

Where stock is deposited with a firm of bankers to cover loans, present and future, a certified check issued by the firm, to be used by the pledgor on a contingency, though unpaid by the firm, is secured by the stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 481, 491, 507–512, 537, 539–546, 569, 618; Dec. Dig. § 123.*]

Smith, P. J., dissenting.

Appeal from Special Term, Chenango County.

Action by Charles Sisson against Lawrence Barnum and others. From the judgment rendered, plaintiff and defendant Barnum appeal. Judgment modified.

See, also, 134 App. Div. 53, 118 N. Y. Supp. 664.

Argued before SMITH, P. J., and KELLOGG, HOWARD, and WOODWARD, JJ.

Fitch & Kiley, of Canastota (A. E. Fitch, of Canastota, of counsel), for appellant Sisson.

Pavey & Moore (H. W. Coley, of Canastota, of counsel), for appellant Barnum.

JOHN M. KELLOGG, J.   One Blake had an account with .defendant's firm, as his banker and broker, and as collateral security for his loans and overdrafts, and such open accounts and overdrafts as might in the future exist, he transferred to the firm the stock in question, prior to August 7, 1903.   On that date he drew upon said firm his check for $3,000, dated September 1, 1903, to one Gibson, which he requested the firm to certify, stating that it was to be delivered to Gibson pending the determination of a legal question,. which would probably require six months and possibly a year for its determination, the check not to be used for any other purpose.   He agreed promptly to deposit the $3,000 in cash and hasten the taking up of the other obligations he owed said firm.   June 14, 1904, Gibson caused the certified check to be presented to the firm for payment; but payment was declined, upon the ground that it was payable only upon an event which it claimed had not happened, and also that Blake had not yet deposited the money, and in September, 1904, an action was brought on said check by Gibson against said Barnum, the only general partner in the firm, which action was pending at the time of the trial.

October 17, 1904, Blake called at the office of Barnum & Co., and stated to the cashier that he wanted to make a tender of $800, the amount he owed, and demanded a return of the stock to him.   He produced the amount in legal .tender.   The cashier replied that he had no authority in the matter, and would speak to Mr. Barnum. While the cashier, Mr. Barnum, and counsel were discussing the matter in Barnum's private room, Blake, after remaining six or ·seven minutes, left the office before the cashier returned.   Thereafter the defendant demanded payment of the amount due, gave notice of a sale of the stock at public auction, subject to the lien thereon of the $3,000, and at the auction, held apparently in due form, the stock was sold to the cashier of said firm, by him transferred to an employé in the office of Mr. Pavey, counsel for the firm, and by him transferred to Mr.. Pavey, who subsequently transferred it to the firm, which, on the 29th of August, 1905, sold it to Ball, an innocent purchaser, for $2,769.23.   The judgment appealed from holds the defendant for the amount received by him for the stock, less the sum of $834.52, the balance due from Blake to the firm aside from the $3,000 check, and holds that there was no lien so far as that check was concerned.

[1, 2] Clearly the cashier had the right to confer with Mr. Barnum about the tender, and having, in substance, requested Blake to wait for an answer, was entitled to a reasonable time in which to accept or reject the tender.   Blake, by leaving the office without further demand or inquiry, and before he received a reply, waived the effect of the tender· attempted to be made.   The plaintiff was not bound by

the sale of the stock at auction, as Barnum was in effect the purchaser. Therefore the defendant Barnum is properly chargeable with the price he received for the stock on its subsequent sale, $2,769.63, less the indebtedness of Blake to him.

[3] We do not agree with the conclusion of the court that the firm had no lien on account of the $3,000 check. While the check has not been in fact paid, it was certified by the firm, and its liability thereon is fairly secured by the stock held by it as collateral for the defendant's future accounts and overdrafts. '

The judgment should be modified, by directing that the $1,934.71 and interest be paid into court, to be held subject to the lien thereon of said Barnum or his firm for any liability on account of the $3,000 check, with the right to either party to apply at Special Term at any time on the foot of the judgment, or of the decision, for such determination as to the money in court as the facts may then show to be proper. Neither party to recover costs in the court below. As so modified, the judgment should be affirmed, with costs of the appeal to the defendant Barnum.

The action was brought by the plaintiff, as assignee of Blake, upon the theory that the defendant Barnum had no lien upon the stock, but was simply holding the same as bailee for Blake, and sought a return of the stock, or the pay therefor, if a return could not be had. The defendant Barnum has established that the stock was left with him as security, and that he had a lien upon it for about $800 and whatever the firm is required to pay on the $3,000 check. Neither party has established his contentions upon the trial, and costs should not be granted to either party in the court below, but are granted to the defendant Barnum in this court.

Judgment modified, by directing that the $1,934.71 and interest be paid into court, to be held subject to the lien thereon of said Barnum or his firm for any liability on account of the $3,000 check. Either party may apply at Special Term at any time on the foot of the judgment or of this decision for such determination as to the money in court as the facts may then show to be proper. Neither party to recover costs in the court below. As so modified, judgment is affirmed. Costs of the appeal are awarded to the defendant. The finding of fact that the defendant has no lien on the stock on account of the certified check is disapproved of, as against the evidence. All concur, except SMITH, P. J., who votes for a reversal of the judgment against the defendant Barnum and a dismissal of the complaint. LYON, J., not sitting.